UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
MCKINLEY MILLER,

                              Plaintiff,          MEMORANDUM & ORDER
                                                  16-CV-5843(JS)(GRB)

          -against-

COUNTY OF NASSAU and ARMOR
CORRECTIONAL HEALTH INC.,

                              Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:        McKinley Miller, pro se
                      P.O. Box 114
                      Uniondale, NY 11553

For Defendants:       John J. Doody, Esq.
                      Dale Nicholson McLaren, Esq.
                      Lewis Brisbois Bisgaard & Smith, LLP
                      77 Water Street, Suite 2100
                      New York, NY 10005


SEYBERT, District Judge:

          Plaintiff McKinley Miller ("Plaintiff") commenced this

civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983")

against the County of Nassau (the "County") and Armor Correctional

Health Inc. ("Armor" and collectively "Defendants") on October 13,

2016.  (Compl., Docket Entry 1.)  Currently pending before the

Court is Defendants' motion to dismiss the Complaint for failure

to state a claim.  (Defs.' Mot., Docket Entry 23.)  For the

following reasons, Defendants' motion is GRANTED.

BACKGROUND

I.   Factual Background[1]

On April 8, 2016, Plaintiff arrived at the Nassau County Correctional Center ("NCCC").  (Compl. ¶ IV.)  At that time, he required a back brace and a cane to walk due to a recent spinal fusion surgery.  (Compl. ¶ IV.)  For the next five months, he was housed in the satellite section of NCCC and denied the use of his back brace and his cane.  (Compl. ¶ IV.)  Defendants also failed to provide Plaintiff with the medications from a list forwarded by his doctor.  (Compl. ¶ IV.)  During June and September 2016, while he was still in the satellite section, he fell and re-injured his back and knees because he was not allowed to use a back brace or cane.  (Compl. ¶ IV.A.)  On September 8, 2016, after the second fall, he was moved to the medical ward of NCCC.  (Compl. ¶ IV.)

Additionally, at some point, Defendants denied an authorization for an MRI and failed to prescribe additional medication.  (Compl. ¶ IV.)  Plaintiff did receive physical therapy but was advised that physical therapy would not improve his condition and that he may need to have additional surgery.  (Compl. ¶ IV.)

_____

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

II.   Procedural History

As discussed, Plaintiff commenced this action on October 13, 2016.  Because his claims relate to medical care, the Court construes the Complaint as asserting a Section 1983 claim for deliberate indifference to medical needs under the Due Process Clause of the Fourteenth Amendment.[2]  Plaintiff seeks "in excess of $2,000,000" in damages.  (Compl. ¶ V.)

Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 10, 2017.  (See Defs.' Mot.)  Thereafter, the Court granted Plaintiff several extensions of time to file an opposition to the motion; however, no opposition was filed. (See Sept. 8, 2017 Electronic Order; Sept. 19, 2017 Electronic Order; Oct. 24, 2017 Electronic Order.)

DISCUSSION

Defendants argue that the Complaint should be dismissed for the following reasons: (1) Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation

---

[2] Neither party specifies whether Plaintiff was a pre-trial detainee or a prisoner while he was incarcerated at NCCC. Because this distinction is immaterial for purposes of this Memorandum and Order, the Court will assume that Plaintiff was a pre-trial detainee.  Accordingly, his claim arises under the Fourteenth Amendment.  See Smith v. Outlaw, No. 15-CV-9961, 2017 WL 4417699, at *2 (S.D.N.Y. Sept. 30, 2017) ("Plaintiff was a pretrial detainee of the City during the events giving rise to his claims and his allegations are thus assessed under the Due Process Clause of the Fourteenth Amendment.").

Reform Act ("PLRA") (Defs.' Br., Docket Entry 23-4, at 8-10); (2) Plaintiff failed to allege that any individual employee was directly involved in the constitutional violation (Defs.' Br. at 13-14); (3) Plaintiff failed to allege that the constitutional violation was the result of a policy or custom promulgated by Defendants (Defs.' Br. at 14-15); and (4) Plaintiff's allegations fail to state a claim for deliberate indifference to medical needs (Defs.' Br. at 16-19).

I.   Legal Standard

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) provides that dismissal is appropriate if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although the Court must accept all allegations in the Amended Complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679, 129 S. Ct. at 1950.

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015) (noting that the dismissal of a pro se complaint pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotation marks and citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, the Court may consider "any

written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citation omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect") (internal quotation marks and citation omitted).

## II.   Section 1983 Deliberate Indifference to Medical Needs

To establish a Section 1983 claim, a plaintiff must demonstrate that the defendant violated a "right, privilege, or immunity secured by the Constitution or laws of the United States . . . by a person acting under the color of state law." Charles v. Cty. of Orange, N.Y., No. 16-CV-5527, 2017 WL 4402576, at *6 (S.D.N.Y. Sept. 29, 2017); 42 U.S.C. § 1983. To establish a claim for deliberate indifference to medical needs under the Due Process Clause of the Fourteenth Amendment, a pre-trial detainee must establish two elements: (1) that the "deprivation of medical care . . . [was] 'sufficiently serious,'" and (2) that the defendant "acted or failed to act with 'a sufficiently culpable state of mind.'"   See Smith, 2017 WL 4417699, at *2 (quoting Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006); Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see also Grimmett v. Corizon

6

Med. Assocs. of N.Y., No. 15-CV-7351, 2017 WL 2274485, at *3
(S.D.N.Y. May 24, 2017).

The first element requires that the Court assess the
seriousness of the deprivation of medical care objectively,
including whether "the medical care was inadequate, and if
so, . . . how the offending conduct is inadequate and what harm,
if any, the inadequacy has caused or will likely cause the
prisoner." Smith, 2017 WL 4417699, at *2 (internal quotation marks
and citation omitted). Further, while courts should tailor the
analysis "to the specific circumstances of each case[,] . . . .
the inmate must show that the conditions, either alone or in
combination, pose an unreasonable risk of serious damage to his
health." Id. (internal quotation marks and citations omitted).
Generally, the condition must be "'a condition of urgency' that
may result in 'degeneration' or 'extreme pain.'" Grimmett, 2017
WL 2274485, at *3 (quoting Chance v. Armstrong, 143 F.3d 698, 702
(2d Cir. 1998)). If the plaintiff alleges that medical care was
delayed or interrupted, the appropriate inquiry is whether "the
challenged delay or interruption in treatment . . . is, in
objective terms, sufficiently serious," to support a claim. Id.
(internal quotation marks, emphasis, and citation omitted).

Prior to the Second Circuit's decision in Darnell v.
Pineiro, 849 F.3d 17 (2d Cir. 2017), the second element--whether
the defendant acted with a sufficiently culpable state of mind--

was evaluated subjectively.  See Grimmett, 2017 WL 2274485, at *4.

However, in Darnell, in light of the Supreme Court's decision in

Kingsley v. Henderickson, 135 S. Ct. 2466, 192 L. Ed. 2d 416

(2015), the Second Circuit held that the standard for deliberate

indifference depends on whether the plaintiff is a pre-trial

detainee, in which case the claim arises under the Fourteenth

Amendment, or a convicted prisoner, in which case the claim arises

under the Eighth Amendment.  Darnell, 849 F.3d at 32-36.  The

Second Circuit further held that when a claim arises under the

Fourteenth Amendment, "the pre-trial detainee must prove that the

defendant-official acted intentionally . . . or recklessly failed

to act with reasonable care . . . even though the defendant-

official knew, or should have known that the condition posed an

excessive risk to health or safety."  Id. at 35; see also Charles,

2017 WL 4402576, at *10.  In other words, the second element of a

deliberate indifference claim under the Fourteenth Amendment "is

defined objectively," and a plaintiff is not required to show

subjective awareness by the defendant that "[his] acts (or

omissions) have subjected the pre-trial detainee to a substantial

risk of harm."[3]  Darnell, 849 F.3d at 35.  Despite the slightly

_____

[3] While Darnell involved claims of unconstitutional conditions of
confinement, several courts in this Circuit have extended
Darnell's holding to claims of deficient medical treatment.  See
Grimett, 2017 WL 2274485, at *4 n.2; Smith, 2017 WL 4417699, at
*3; see also Charles, 2017 WL 4402576, at *10 ("This standard
for deliberate indifference applies to any underlying violation

lower standard articulated in Darnell, which is akin to objective recklessness, "'any § 1983 claim or a violation of due process requires proof of a mens rea greater than mere negligence.'" Smith, 2017 WL 4417699, at *3 (quoting Darnell, 849 F.3d at 36); see also Grimmett, 2017 WL 2274485, at *4.

III.  Plaintiff's Monell Claims Fail

It is well established that "'[a] municipality cannot be liable under . . . a respondeat superior theory,'" Humphrey v. Landers, 344 F. App'x 686, 687-88 (2d Cir. 2009) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2035, 56 L.Ed.2d 611 (1978)) (second alteration in original), and "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," Piccone v. Town of Webster, 511 F. App'x 63, 64 (2d Cir. 2013) (internal quotation marks omitted).  Rather, a government entity is only liable when "execution of a government's policy or custom, whether made by its lawmakers or by those who edicts and acts may fairly be said to represent official policy[ ] inflicts the injury."  Id. (internal quotation marks omitted).

---

of the due process clause, such as for maintaining unconstitutional conditions of confinement or failing to provide adequate medical care to a person in state custody, 'because deliberate indifference means the same thing for each type of claim under the Fourteenth Amendment.'") (quoting Darnell, 849 F.3d at 33, n.9.)

Because Plaintiff asserts claims only against the County and Armor[4], he must allege that the constitutional violation was the result of an official policy or custom to state a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  See Donohue v. Manetti, No. 15-CV-636, 2016 WL 740439, at *5 (E.D.N.Y. Feb. 24, 2016).  In other words, Plaintiff must show "(1) an official policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." Piccone, 511 F. App'x at 64-65 (quoting Torraco v. Port Auth. of N.Y. and N.J., 615 F.3d 129, 140 (2d Cir. 2010)).  To adequately allege a policy or custom, a plaintiff must allege:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to rights of those who come into contact with the municipal employees.

Donohue, 2016 WL 740439, at *5 (quoting Brandon v. City of N.Y., 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).  Generally, "'a

---

[4] Defendants do not contest that Armor, which provided medical care to inmates at NCCC, is a state actor for purposes of Section 1983.

custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [municipality].'" Id. (quoting Newton v. City of N.Y., 566 F. Supp. 2d 256, 271 (S.D.N.Y. July 16, 2008)) (alteration in original).

The Complaint must dismissed. Plaintiff alleges that for several months while he was at NCCC, he was denied use of his back brace and cane. (Compl. ¶ IV.) Further, he alleges that Defendants denied an authorization for an MRI and additional medication. (Compl. ¶ IV.A.) However, he fails to allege (1) the existence of a policy, custom, or practice, (2) any action taken by a government official which resulted in the deficient medical care, or (3) a failure to provide training or supervision by either Armor or the County. Further, none of the allegations indicate that the deficient medical care was caused by a policy, custom or practice, action by a government official, or a failure to train or supervise. Therefore, the Complaint is DISMISSED for failure to state a claim against the County and Armor.[5]

---

[5] Because the Court dismisses the Complaint on this ground, it need not address the alternative grounds for dismissal. Regarding Defendants' exhaustion argument, however, the Court disagrees with Defendants that it is clear from the Complaint that Plaintiff failed to exhaust his administrative remedies pursuant to the PLRA. (See Defs.' Br. at 10 ("Thus, where as here, non-exhaustion is clear from the face of the complaint dismissal under Rule 12(b)(6) is justified.").) Plaintiff alleges that he filed grievances regarding his medical care and that they were denied. (Compl. ¶ II.C.) Additionally,

IV. <u>Leave to Amend</u>

The Second Circuit has held that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." <u>Hayden v. Cty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999), <u>overruled on other grounds</u>, <u>Gonzaga v. Doe</u>, 536 U.S. 273, 122 S.Ct. 2268, 153 L. Ed. 2d 309 (2002). <u>See also</u> FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." <u>Perri v. Bloomberg</u>, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).

In light of Plaintiff's <u>pro se</u> status, the Court will allow Plaintiff to amend his Complaint. Therefore, the Court GRANTS Plaintiff leave to amend his Complaint to assert viable claims against the County and Armor.

---

Plaintiff alleges that after the denials, "[he] went to the COC and they denied it." (Compl. ¶ II.F.2.) Thus, it appears that Plaintiff file grievances, which were denied, and afterward, he challenged the denials. As a result, the Court concludes that the Complaint does not clearly demonstrate failure to exhaust and declines to dismiss the Complaint on that ground. <u>See</u> <u>Smalls v. Jummonte</u>, No. 08-CV-4367, 2010 WL 3291587, at *2 (S.D.N.Y. Aug. 13, 2010) ("'[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints.'") (quoting <u>Jones v. Bock</u>, 549 U.S. 199, 216, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007)).

## CONCLUSION

For the foregoing reasons, Defendants' motion (Docket Entry 23) is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE.  The Court GRANTS Plaintiff leave to amend his Complaint in accordance with this Memorandum and Order.  Any Amended Complaint shall be filed within thirty (30) days from the date of this Memorandum and Order, shall be titled Amended Complaint, and shall bear the same docket number as this Order, No. 16-CV-5843(JS)(GRB).  Plaintiff is cautioned that an Amended Complaint **completely** **replaces** the original Complaint.  Therefore, all claims and allegations Plaintiff wishes to pursue must be included in the Amended Complaint.  If Plaintiff fails to file an Amended Complaint within thirty (30) days, this case will be dismissed with prejudice.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Defendants are directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and file proof of service on ECF within three days.

                    SO ORDERED.

                    /s/ JOANNA SEYBERT
                    Joanna Seybert, U.S.D.J.


Dated:    March   31  , 2018
          Central Islip, New York